COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-424-CR

DEXTER C. VICKORY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Dexter C. Vickory complains in one point that his due process rights were violated when his probation was revoked.  We affirm.

II.  Factual and Procedural Background

Vickory entered an open plea of 
nolo contendere 
to a charge of aggravated assault with a deadly weapon.  The trial court placed Vickory on community supervision for a period of three years and deferred making a finding of guilt or a deadly weapon finding.  Several months later, the State filed a petition to proceed to adjudication because, it alleged, Vickory had committed the offense of assault bodily injury—family member. 

At a hearing conducted on this charge, Vickory entered a plea of “not true.”  The State proceeded to call witness Diane St. John, who testified that on August 8, 2005, she and Vickory, who were living together and with whom she had lived off and on for the previous four years, had a disagreement that led to violence.  That evening, she testified, Vickory sent her to the liquor store to buy cigarettes for him, but because it was a Sunday, the liquor store was closed.  St. John took the money Vickory had given her and instead bought groceries.  When she returned home, Vickory was angry because St. John had spent his money on something other than cigarettes and proceeded to take the groceries and throw them in the yard and then locked St. John out of the house.  According to St. John, after half an hour or so, Vickory let her back in the house, threw the groceries she had gathered up into the trash, poured pans of grease onto the kitchen floor, and then told St. John he would hurt her if she did not clean it up.

St. John then locked herself in the bedroom, but Vickory threatened that he would kill her if she did not come out.  For the next few hours, Vickory would alternately pass out on the couch and wake up and try to get St. John out of the bedroom by firing a shot through the bedroom door, taking a hatchet to the door, and trying to set a fire underneath the door.  Finally, when Vickory set the fire, St. John came out of the bedroom, and Vickory hit her with his closed fist, causing her pain.  To escape, St. John took a baseball bat and broke out the bedroom window (which was screwed shut), crawled out the window, and walked to a convenience store, where she called the police.

After hearing the evidence presented, the trial court found that Vickory violated a condition of his supervision by committing a new offense, adjudicated him guilty, and assessed his punishment at five years’ confinement.

III.  Facial Unconstitutionality
 

In a single point, Vickory asserts that the Texas deferred adjudication statute, article 42.12, section 5 of the Texas Code of Criminal Procedure, is facially unconstitutional  because it denies his right to due process of law.  

IV.  Analysis

Vickory acknowledges that this exact argument has been rejected by this court this year in 
Singhal v. State
, No. 02-06-00221-CR, 2007 WL 866526, at *2 (Tex. App.—Fort Worth March 22, 2007, pet. filed) (mem. op.) (not designated for publication).  We decline to revisit our analysis of this issue as set forth in 
Singhal 
and overrule Vickory’s sole point. 

V.  Conclusion

Having overruled Vickory’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 9, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.